IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WILLIAM THOMSEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-24-623-D |
| ) | |
| CORY ARMFIELD and ROGER REEVES, ) | |
| ) | |
| Defendants. ) | |

**O R D E R**

Before the Court are Defendants' Motions to Dismiss [Doc. Nos. 9 and 10] under Fed. R. Civ. P. 12(b)(6). Plaintiff, who appears *pro se*, has made no timely response. Plaintiff is well aware of the time limit imposed by the Local Civil Rules because he was expressly advised of LCvR7.1(g) during his last lawsuit against Officer Cory Armfield. *See Thomsen v. Armfield*, Case No. CIV-24-226, Order (W.D. Okla. Apr. 26, 2024) (order for response). In that case, the Court exercised its discretion under LCvR7.1(g) and granted a dismissal under Rule 12(b)(6) on the merits. *See id*., 2024 WL 2034550 at *2 (May 7, 2024). Similarly, here, the Court finds for the reasons fully stated in Defendants' Motions that the Complaint fails to state plausible claims and that the action should be dismissed.

Plaintiff is suing Cory Armfield, a police officer of the City of New Cordell, and Roger Reeves the sheriff of Washita County, Oklahoma. Plaintiff alleges that Officer Armfield assaulted him at the county jail on May 23, 2024, in violation of the Eighth Amendment. *See* Compl. [Doc. No. 1] at 4. Plaintiff alleges that Sheriff Reeves refused

to release "video footage of the assault" in violation of the Freedom of Information Act, 5 U.S.C. §§ 551-59.  *See* Compl. at 4.  Officer Armfield moves to dismiss any claim asserted against him under 42 U.S.C. § 1983 because there are no supporting facts that show a constitutional violation occurred and because he is entitled to qualified immunity. Sheriff Reeves moves to dismiss the FOIA claim because the Act does not apply to him.

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678.  In § 1983 cases involving qualified immunity, "plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time.  This requires enough allegations to give the defendants notice of the theory under which their claim is made."  *Robbins v. Oklahoma*, 519 F. 3d 1242, 1249 (10th Cir. 2008); *see Wood v. Moss*, 572 U.S. 744, 757 (2014).

Here, Plaintiff's Complaint contains a bare assertion that Officer Armfield assaulted him and that the assault violated the Eighth Amendment.[1]  These conclusory allegations entirely fail to meet the notice pleading standard of Rule 8(a) and the plausibility standard of Rule 12(b)(6).  For the reasons fully stated in support of Officer Armfield's Motion,

---

[1] The Complaint states in its entirety the following allegations: "On 5-23-24 at the jail on 400 NE McClary at about 9:21 pm I was assaulted by Officer Cory Armfield."  Compl. at 4.

the Court finds that Plaintiff fails "to raise a right to relief above a speculative level." *See Twombly*, 550 U.S. at 555. Plaintiff similarly asserts a conclusory FOIA claim against Sheriff Reeves. This claim is also legally deficient because FOIA applies only to federal agencies. *See* 5 U.S.C. § 551(a) (defining "agency"); *Rocky Mountain Wild, Inc. v. U.S. Forest Serv.*, 56 F.4th 913, 921 (10th Cir. 2022) ("Congress enacted FOIA to facilitate public access to federal agency records and information.").

Plaintiff is proceeding *in forma pauperis* under 28 U.S.C. § 1915 in this case. This is Plaintiff's second lawsuit against Officer Armfield in the past six months.[2] In his last case, Plaintiff also was granted permission to proceed under § 1915 without payment of fees and costs, failed to oppose a motion to dismiss, and took no further action to prosecute his case. Under the circumstances, the Court finds that this case is subject to dismissal under § 1915(e)(2)(B)(ii) and that it should be dismissed without prejudice to a future filing, if appropriate, mindful of the certification provision of Fed. R. Civ. P. 11.[3]

**IT IS THEREFORE ORDERED** that Defendants' Motions to Dismiss [Doc. Nos. 9 and 10] are **GRANTED**. The action is **DISMISSED** without prejudice to refiling.

---

[2] It is Plaintiff's third lawsuit against Officer Armfield in the past year. *See Thomsen v. Armfield*, Case No. CIV-23-904-D (W.D. Okla. Oct. 10, 2023).

[3] "By presenting to the court a pleading, written motion, or other paper . . . an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose . . . : (2) the claims . . . are warranted by existing law . . . ; [and] (3) the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(b). A violation of this provision may result in the imposition of sanctions under Rule 11(c).

**IT IS SO ORDERED** this 10th day of September, 2024.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge